UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRANDON RAMIREZ,<br><br>      plaintiff,<br>v.<br><br>NEXSTAR MEDIA INC., a foreign for-profit corporation incorporated in Delaware, SCRIPPS MEDIA, INC., a foreign for-profit corporation incorporated in Delaware,<br><br>      defendants. | CASE NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

NOW COMES the plaintiff, BRANDON RAMIREZ, by and through his undersigned counsel, and complaining of the defendants, NEXSTAR MEDIA INC., a Delaware corporation, and SCRIPPS MEDIA, INC., a Delaware corporation, alleges as follows:

### PARTIES

1. Plaintiff BRANDON RAMIREZ ("Ramirez") is an individual residing in California.

2. Defendant NEXSTAR MEDIA, INC., is a Delaware corporation with its principal place of business at Irving, Texas and which operates nationally, including within the State of Indiana, where it owns and operates television stations, including WXIN-TV, which broadcasts under the name "FOX59."

3. Defendant SCRIPPS MEDIA, INC., is a Delaware corporation with its principal place of business located in Cincinnati, Ohio that operates nationally, including in the State of Indiana, where it does business through its various media holdings, including but not limited to WRTV.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332 (Diversity of Citizenship) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The sole plaintiff, Brandon Ramirez, is a citizen of California, and the defendants, Nexstar Media, Inc., and Scripps Media, Inc., are corporations incorporated in Delaware with principal places of business outside of California.

5. Venue is proper in the Southern District of Indiana under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district. The defamatory publications and broadcasts that form the basis of the defamation claims were disseminated from facilities located within this district.

6. Additionally, this district is a significant location for the operational control and output of the media defendants, making it a focal point for issuing the retraction and corrections demanded by the plaintiff and for conducting the legal proceedings related to these media activities.

## GENERAL FACTS

7. On or about January 17, 2025, FOX59/WXIN televised a "Breaking News" segment in which they falsely, expressly, and unambiguously stated that Mr. Ramirez pleaded guilty to striking a law enforcement animal and resisting law enforcement. This segment was also recorded and published on its website.

8. On the same date, the FOX59/WXIN released an article on its website that correctly state that Mr. Ramirez only pleaded guilty to burglary. The article includes a recording of the "Breaking News" video segment at the top of the web page that automatically plays upon accessing

the page, which stated the falsehood that Mr. Ramirez pleaded guilty to striking a law enforcement animal and resisting law enforcement.

9. Similarly, on January 17, 2025, defendant Scripps Media, Inc., though its WRTV website, released an article titled "IMPD releases footage of break-in arrest that led to a suspect shot, K9 stabbed," which falsely reported that Mr. Ramirez pleaded guilty to charges of striking a law enforcement animal and resisting law enforcement.

10. The WRTV article further states, "Ramirez was charged with the following: Burglary with a deadly weapon, striking a law enforcement animal, Resisting law enforcement. Ramirez pled guilty and was sentenced on Aug. 2, 2024."

11. These publications relate to an incident on September 1, 2023, wherein Brandon Ramirez was involved in an incident at Greene's Auto and Truck service station in Indianapolis, which escalated into a police confrontation.

12. The incident involving Mr. Ramirez received considerable media coverage, particularly by FOX59/WXIN and WRTV, which both reported on the events with notable inaccuracies.

13. Police officers, who were responding to a reported break-in, surrounded Mr. Ramirez and instructed him to raise his hands.

14. During this encounter, a police K-9, handled by one of the officers, was released and attacked Mr. Ramirez. Subsequently, Mr. Ramirez was shot five times by the officers, purportedly in defense of the K-9, tased, and ultimately arrested.

15. Brandon Ramirez faced criminal charges stemming from the incident on September 1, 2023. He was charged with Burglary (Level 2 Felony), Striking a Law Enforcement Animal (Class A Misdemeanor), and Resisting Law Enforcement (Class A Misdemeanor).

16. Pursuant to a plea agreement, Mr. Ramirez pleaded guilty but mentally ill to a lesser included charge of Burglary (Level 5 Felony). As part of the plea, the State dismissed all other remaining counts, including charges of striking a law enforcement animal and resisting law enforcement.

17. The aforesaid criminal dispositions are a matter of public record and are publicly available.

18. Brandon Ramirez initiated a federal lawsuit to recover for violation of his constitution rights that is now pending in the United States District Court for the Southern District of Indiana, Case No.: 1:24-cv-01395-JMS-TAB, against the City of Indianapolis, the Indianapolis Metropolitan Police Department, and the individual officers involved.

19. This federal lawsuit was brought as a result of several violations of the Fourth and Fourteenth Amendments to the United States Constitution, including unwarranted use of deadly force, falsely asserting in sworn statements that Ramirez was armed at the time the K-9 was released, when in fact the video evidence clearly shows Ramirez was unarmed at that time, the failure to distinguish between animal and human in the exercise of deadly force resulting in Ramirez being shot multiple times by the officers in order to defend their service animal, despite no imminent threat to the officers themselves or other human life.

20. The defendants' false reporting of Ramirez's interaction with the police K-9 and his purported resisting of arrest contradicts Ramirez's allegations in his federal civil rights litigation, where he maintains that his did not resist arrest and that he only acted in self-defense when the service K-9 was loosed upon him without cause.

## COUNT I
(Defamation—Nexstar Media, Inc.)

21. Plaintiff incorporates the General Allegations as if fully set forth herein.

22. On January 17, 2025, defendant Nexstar Media Inc., through its television station FOX59/WXIN, published a televised "breaking news" segment and an associated online video contained in an article titled "IMPD bodycam footage shows moments leading up to shooting, K9 injury at business on Indy's near south side," which falsely, expressly, and unambiguously stated that Ramirez pleaded guilty to striking a law enforcement animal and resisting law enforcement. This publication imputed criminal behavior to plaintiff, categorically constituting defamation *per se.*

23. This statement was made with reckless disregard for the truth, as records of the actual plea are publicly available and could have easily been verified by Nexstar before publication, reflecting a culpable state of mind indicative of malice or gross negligence.

24. The false statements constitute defamation per se as they wrongfully attribute criminal conduct to the plaintiff, specifically conduct involving the malicious or harmful treatment of a law enforcement animal and resisting arrest. Such imputations are inherently likely to injure the plaintiff's reputation and are recognized under Indiana law as defamation *per se*, which inherently inflicts harm to the plaintiff's social and personal standing in the community.

25. As a result of Nexstar Media Inc's defamatory statements, plaintiff has suffered presumed damages to his reputation per se, as well as actual damages including but not limited to emotional distress, personal humiliation, and other psychological harm, for which he seeks relief.

## COUNT II
(Defamation—Scripps Media, Inc.)

26. Plaintiff incorporates the General Allegations as if fully set forth herein.

27. On January 17, 2025, defendant Scripps Media, Inc., through its television station WRTV, published an article on the station's website titled "IMPD releases footage of break-in arrest that led to a suspect shot, K9 stabbed," which article falsely implied that plaintiff Brandon

Ramirez pleaded guilty to burglary with a deadly weapon, striking a law enforcement animal, and resisting law enforcement.

28. The aforesaid WRTV article contained the following information: "Ramirez was charged with the following: Burglary with a deadly weapon, Striking a law enforcement animal, Resisting law enforcement. Ramirez pled guilty and was sentenced on Aug. 2, 2024." The placement and wording of this statement falsely suggest that plaintiff pleaded guilty to all the listed charges, when in fact he only pleaded guilty to burglary.

29. This aforesaid publication was made with reckless disregard for the truth, as said defendant. could have easily verified the actual charges to which plaintiff pleaded guilty through public court records, reflecting a culpable state of mind indicative of malice or at least gross negligence.

30. The false statements wrongfully attribute criminal conduct to the plaintiff, specifically conduct involving burglary with a deadly weapon, violence against a law enforcement animal, and resisting arrest, which imputations have injured the plaintiff's reputation and are recognized under Indiana law as defamation *per se*.

31. As a result of defendant Scripps Media, Inc.'s defamatory statements, plaintiff has suffered *per se* damages to his reputation as well as actual damages including but not limited to emotional distress, personal humiliation, and other psychological harm, for which he seeks relief.

### COUNT III
(False Light—Nexstar Media, Inc.)

32. Plaintiff incorporates the General Allegations as if fully set forth herein.

33. On January 17, 2025, defendant Nexstar Media Inc., through its television station FOX59/WXIN, broadcasted a breaking news segment and published an associated online video

that automatically plays upon accessing the article titled, "IMPD bodycam footage shows moments leading up to shooting, K9 injury at business on Indy's near south side."

34.   In the broadcast and accompanying video, said defendant falsely, expressly, and unambiguously stated that plaintiff Brandon Ramirez pleaded guilty to striking a law enforcement animal and resisting law enforcement.

35.   This false portrayal placed plaintiff in a false light before the public by creating a misleading and highly offensive impression that he had admitted to criminal acts beyond those to which he actually pleaded guilty.  This portrayal mischaracterized plaintiff's actions and intentions, casting him in a light that would be highly offensive to a reasonable person.

36.   Said defendant acted with reckless disregard for the truth because the actual plea records were publicly available and easily verifiable, yet chose to publish misleading and false statements without proper verification, which conduct demonstrates a culpable state of mind amounting to reckless disregard for the falsity of the statements.

37.   This false light portrayal would be highly offensive to a reasonable person, as it falsely characterizes plaintiff as an individual who committed violent acts against law enforcement and engaged in additional criminal conduct that he never admitted to or was convicted of.  This misrepresentation has caused substantial distress and harm to plaintiff's personal and professional reputation and has harmed his pending civil rights case by prejudicing him in the eyes of the potential jury pool.

38.   As a result of said defendants' aforesaid conduct, plaintiff has suffered harm, including emotional distress, mental anguish, humiliation, and damage to his personal and professional reputation, for which he seeks relief.

## COUNT IV
(False Light—Scripps Media, Inc.)

39. Plaintiff incorporates the General Allegations as if fully set forth herein.

40. On January 17, 2025, defendant Scripps Media Inc., through its television station WRTV, published an article on its website titled "IMPD releases footage of break-in arrest that led to a suspect shot, K9 stabbed," which falsely implied that plaintiff pleaded guilty to burglary with a deadly weapon, striking a law enforcement animal, and resisting law enforcement.

41. The article states: "Ramirez was charged with the following: Burglary with a deadly weapon, Striking a law enforcement animal, Resisting law enforcement. Ramirez pled guilty and was sentenced on Aug. 2, 2024."  The placement and wording of this statement falsely suggest that plaintiff pleaded guilty to all listed charges, when in fact, he only pleaded guilty to burglary.  This publication imputed criminal behavior to plaintiff, categorically constituting a false light invasion of privacy.

42. This false portrayal placed plaintiff in a false light before the public by creating a misleading and highly offensive impression that he had admitted to serious criminal acts beyond those to which he actually pleaded guilty.  This portrayal mischaracterized plaintiff's actions and intentions, casting him in a light that would be highly offensive to a reasonable person.

43. Scripps Media Inc. acted with reckless disregard for the truth because the actual plea records were publicly available and easily verifiable, yet defendant chose to publish misleading and false statements without proper verification.  This conduct demonstrates a culpable state of mind amounting to reckless disregard for the falsity of the statements.

44. This false light portrayal would be highly offensive to a reasonable person, as it falsely characterizes plaintiff as an individual who committed violent acts against law enforcement and engaged in criminal conduct that he never admitted to or was convicted of, which false

portrayal has caused substantial distress and harm to plaintiff's personal and professional reputation and has harmed his pending civil rights case by prejudicing him in the eyes of the potential jury pool.

45. As a result of said defendant's conduct, plaintiff has suffered harm, including emotional distress, mental anguish, humiliation, and damage to his personal and professional reputation, for which he seeks relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff BRANDON RAMIREZ prays for judgment in his favor and against defendants NEXSTAR MEDIA INC. and SCRIPPS MEDIA INC., and award the following relief:

1. compensatory damages in an amount to be determined at trial, including but not limited to damages for harm to reputation; emotional distress; mental anguish; humiliation; and other actual damages suffered as a result of defendants' conduct;

2. punitive damages in an amount to be determined at trial due to defendants' reckless disregard for the truth, malice, and the harm caused to plaintiff;

3. costs of suit; and

4. any other relief that this Court deems just, proper, and equitable under the circumstances.

Respectfully submitted:

/s/ Shaun Bushing
_____

**Shaun Bushing**
Amatore & Bushing
Bar Number: 38497-45
1157 W Newport Avenue, Suite K
Chicago, Illinois 60657
888-598-8861

shaun@amatorebushing.com

**Roy Amatore**
*Pro Hac Vice*
Amatore & Bushing
1157 W Newport Avenue, Suite K
Chicago, Illinois 60657
888-598-8861
roy@amatorebushing.com